**RECORD IMPOUNDED**

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5570-15T2

C.O. n/k/a C.K.,

    Plaintiff-Respondent,

v.

T.O.,

    Defendant-Appellant.

_____

Submitted September 26, 2017 — Decided October 31, 2017

Before Judges Fasciale and Moynihan.

On appeal from Superior Court of New Jersey, Chancery Division, Family Part, Hudson County, Docket No. FV-09-1472-15.

Clara S. Licata, attorney for appellant.

C.K., respondent pro se.

PER CURIAM

Defendant appeals from a July 11, 2016 Amended Final Restraining Order entered pursuant to the Prevention of Domestic Violence Act (PDVA), N.J.S.A. 2C:25-17 to -35. The evidence supported the judge's finding that a final restraining order (FRO)

was necessary to protect the victim from further abuse; we therefore affirm.

We previously vacated the FRO entered in this matter on February 26, 2015. C.O. v. T.O., No. A-3510-14 (App. Div. Mar. 24, 2016).[1] We did not disturb the judge's finding that defendant committed the predicate act of harassment, but remanded the case for a re-hearing because "the judge made no finding that the entry of a [final] restraining order was necessary to protect [the] plaintiff." Id. at 4-5.

After hearing testimony on remand, the judge briefly reviewed the messages sent by defendant to plaintiff deemed to constitute harassment, and found the testimony of the divorcing parties

> revealed a very disharmonious relationship between the two of them that was escalated by [defendant's] texts and messages that [the judge] found to constitute harassment, and at that time [when the divorce complaint was filed in December 2014] given what was clearly going to be [a] very acrimonious divorce[,] a final restraining order at that time was necessary to prevent further escalation of that behavior and further harassment of [plaintiff] by [defendant].

The judge also found that evidence of defendant's contempt conviction in March 2016 for violation of the restraining order

---

[1] The facts pertinent to the acts of defendant's harassment are set forth in our previous opinion and are not repeated here.

was a "factor" that "support[ed] the continuance of the restraining order if what happened after the original hearing is relevant."

On appeal, defendant argues the judge erred because the "bare finding" that the restraining order was necessary because of the parties' "acrimonious divorce action . . . [was] not supported by the record evidence that existed at the time of the FRO and which was considered again during the [remand] hearing." He contends plaintiff's testimony - that she feared defendant - was a "subjective, self-interested declaration of fear," belied by the texts and messages she sent to him, and by plaintiff's profanity-laced attack on defendant's girlfriend.

Our review of the trial court's conclusions is limited. We are bound by the court's factual findings if they are "supported by adequate, substantial, credible evidence." Cesare v. Cesare, 154 N.J. 394, 411-12 (1998). We defer to the trial judge's assessment of witnesses' credibility because of the perspective the judge gains from seeing and hearing testimony.[2] Id. at 412.

As we held on the first appeal, the judge was not only required to find that defendant committed a predicate act, N.J.S.A. 2C:25-19(a), but also that an FRO was "necessary . . . to protect

_____

[2] We deem defendant's argument that the judge improperly asked leading questions of plaintiff during the re-hearing to be without sufficient merit to warrant discussion. R. 2:11-3(e)(1)(E).

the victim from an immediate danger or to prevent further abuse." Silver v. Silver, 387 N.J. Super. 112, 127 (App. Div. 2006). Only the second prong is at issue here.

The judge did not base his conclusion that the FRO was necessary on plaintiff's fear. The judge found the predicate act of harassment was based on a number of messages from defendant to plaintiff. He found the restraining order was required to protect plaintiff from "further escalation of [defendant's] behavior and further harassment." He determined that defendant's harassing communication worsened the parties' already discordant relationship. In his judgment, the harassment would have escalated if the FRO was not issued; the order was necessary to protect plaintiff from further harassment. In essence, he ordered the FRO so plaintiff would be left alone, an entitlement found to be a "basic protection" of the PDVA. State v. Hoffman, 149 N.J. 564, 584 (1997). We conclude the evidence supported his findings.

Defendant also argues the judge erred by utilizing defendant's contempt conviction to support his finding regarding the second prong because it occurred after the initial FRO hearing, and violated defendant's due process rights because it was not initially alleged in the complaint. The judge found defendant "was found guilty of a violation of the restraining order and that factor, as well, would support the continuance of the restraining

order." (emphasis added). As noted by the judge, the contempt conviction was not the only factor upon which he found the second prong was met. Since the issuance of the FRO was justified without consideration of the contempt conviction, we need not address this portion of defendant's argument.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION